**NATIONAL UNION FIRE INSURANCE, INC., Respondent,**

v.

**HOSPITAL AFFILIATES MANAGEMENT CORPORATION, Defendant,**

**Virginia Regional Medical Center, et al., Appellants.**

**No. C5–84–1542.**

Court of Appeals of Minnesota.

Feb. 26, 1985.

James M. Mahoney, Mahoney, Dougherty & Mahoney, Minneapolis, for respondent.

Robert H. Stephenson, Trenti Law Firm, Virginia, for appellants.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Respondent-plaintiff National Union Fire Ins., Inc. brought this action against appellants-defendants City of Virginia, Hospital Commission of the City of Virginia and Virginia Regional Medical Center to declare respondent has no obligation to indemnify appellants for losses they may suffer as a result of their breach of a contract with a third party. The trial court granted respondent's motion for summary judgment and judgment was entered. Appellants filed notice of appeal to this court. We affirm.

## FACTS

Respondent and appellants entered into a special multi-peril insurance contract on July 15, 1981 extending to July 15, 1984. One of the three types of coverage provided is "Public Officials Personal Liability Coverage."

On April 6, 1981 appellants entered into a management agreement with Hospital Affiliates Management Corporation (HAMC). The management agreement provided that appellants would pay HAMC $120,000 per year over a contemplated 5 year period for HAMC's services. On August 14, 1981, after paying $40,000 to HAMC, appellants terminated the management agreement. HAMC sued appellants in federal district court for breach of contract demanding $750,000 for lost profits and goodwill. That suit is still pending.

## ISSUES

1. Is the insurer on a public officials personal liability policy obligated to indemnify its insured for breach of its contract with a third party?

2. Does the public officials personal liability policy obligate the insurer to defend insureds even though the insurer has no obligation to indemnify?

## ANALYSIS

### 1. Obligation to Indemnify

The parties dispute whether the damages HAMC may recover from it are within the definition of loss in the POPL policy or are excluded from it. The policy provides:

"Loss" shall mean any amount which the Insureds are legally obligated to pay, * * provided always, however, such subject of loss shall not include * * * any amounts due or payable under the terms of any contractual obligation.

Appellants argue that the exclusionary language does not apply to its liability because its damages are not liquidated. They rely upon *Bor-Son Building Corp. v. Employers Commercial Union Insurance Co. of America,* 323 N.W.2d 58 (Minn.1982) which

discussed this state's policy that insurers should not be obligated for losses when "a single insured is allowed through intentional acts to control the risks covered by the policy." Apparently because the insurance contract does not distinguish between liquidated and unliquidated losses and direct and consequential damages, appellants claim the exclusionary language is ambiguous and must be interpreted in their favor to allow their claim.

■ Despite appellants' creative argument, we find the language of the insurance contract unequivocal and clear. HAMC has claimed damages seeking lost profits which represent sums payable under the management agreement. Loss of goodwill is also an element of contract damages, meaning that liability for payment arises by virtue of the contractual obligation. The insurance contract language expressly excludes those losses from covered losses.

### 2. Duty to Defend

Notwithstanding the absence of a duty to indemnify, appellants contend that the insurance contract obligates respondent to defend them in HAMC's action. In a section of the insurance contract captioned "coverage," subparagraphs (a), (b), and (c) define the conditions under which respondent agrees to pay for a "loss" caused by appellants' wrongful act. The last portion of subparagraph (c) describes the duty to defend without explicitly requiring a "loss." Thus, appellants claim that the duty to defend arises whenever appellants commit a wrongful act.

■ Appellants' interpretation ignores the opening words of the clause on duty to defend: *"As respects [subparagraphs] (a), (b), (c),* the company shall have the right and duty to defend any suit * * *" The emphasized language indicates the parties' intent that the duty to defend relates directly to respondent's obligation to indemnify as defined in subparagraphs (a), (b) and (c).

## DECISION

The judgment entered on the trial court's order for summary judgment is affirmed.